**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NICHOLAS MARTIN,

                        Plaintiff,

    - v -                                            1:24-CV-696
                                                              (GTS/DJS)

DARRYL TOWNS,
*Chairperson, Board of Parole - Department of Corrections and Community Supervision*,

                        Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

NICHOLAS MARTIN
Plaintiff, *Pro Se*
Glenville, New York 12302

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis*. Dkt. No. 2, IFP App. The Complaint asserts a 42 U.S.C. § 1983 claim for violation of Plaintiff's Eighth and Fourteenth Amendment rights. Compl. at p. 3.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). "Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

### B. Summary of the Complaint

Plaintiff alleges that in October 2022 he had been on parole for three consecutive years without interruption and, as such, should have been discharged from parole in

3

accordance with New York State Department of Corrections and Community Supervision Directive #9235. Compl. at pp. 2-3, 7-14. In or around October 2022, Defendant allegedly deferred Plaintiff's release from parole. *Id.* at p. 2. Plaintiff contends that this violated his Eighth Amendment right to be free from "excessive punishment" and his Fourteenth Amendment right to due process. *Id.* at p. 3. Plaintiff does concede that he violated the conditions of his parole in January 2019 and remains unsure if this violation is the reason he was denied early release from parole in October 2022. Compl. at p. 2.

### C. Analysis of the Complaint

*1. Eighth Amendment*

"[P]arole does not constitute cruel and unusual punishment and, therefore, the denial of early release from parole does not fall within the purview of the Eighth Amendment." *Pena v. Travis*, 2002 WL 31886175, at *12 n.5 (S.D.N.Y. Dec. 27, 2002). Even if denial of early release did implicate the Eighth Amendment, Plaintiff would have to establish that Defendant's conduct was (1) "wanton" and (2) "sufficiently harmful . . . in light of contemporary standards of decency." *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 319-20 (N.D.N.Y. 2009) (internal quotation marks and alterations omitted).

Here, Plaintiff takes issue with the fact that he was denied early release from parole after three consecutive years without parole violation. Compl. at pp. 2-3.

Plaintiff wrongly asserts that the denial caused "excessive punishment" in violation of the Eighth Amendment. *Id.* at p. 3. As stated above, denial of early release from parole does not trigger the Eighth Amendment and, so, Plaintiff has failed to state a claim "on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Even if this were not the case, Plaintiff's claim would still fail because he merely asserts that his release from parole was deferred for unknown reasons. *See generally* Compl. In fact, the Complaint states that Plaintiff is unaware of when the decision to defer his release was even made. *Id.* at p. 2. Without facts regarding the reasoning behind Defendant's conduct and how the conduct affected Plaintiff, the Complaint is insufficient.

### 2. Fourteenth Amendment

Similarly, Plaintiff has not alleged facts sufficient to state a Fourteenth Amendment claim. Plaintiff concedes that the Parole Board has discretion to discharge a parolee from supervision only if it is in the "best interest of society." Compl. at p. 7; N.Y. Exec. Law § 259-j. Because "the statute authorizing early release leaves that determination to the discretion of the Parole Board," Plaintiff "has no liberty interest in receiving early discharge from parole." *Pena v. Travis*, 2002 WL 31886175, at *12. Because Plaintiff has no liberty interest in early release there can be no deprivation of due process, as the Fourteenth Amendment only protects individuals from being deprived of a liberty interest without due process. *Id.* (citing cases). Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice because the

deficiencies detailed above cannot be rectified by more detailed pleading. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  June 4, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).