UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS MARTIN,

                          Plaintiff,

                                                               1:24-CV-0696
v.                                                                (GTS/DJS)

DARRYL C. TOWNS, *Chairperson, Board of*
*Parole, Dept. of Corr. & Comm. Supervision (DOCCS)*,

                          Defendant.
_____

APPEARANCES:

NICHOLAS MARTIN
  Plaintiff, *Pro Se*
5753 Citadel CT
Rockvale, Tennessee 37153

GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* civil rights action filed by Nicholas Martin ("Plaintiff") against Darryl C. Towns, Chairperson for the Board of Parole with the Department of Corrections and Community Supervision (DOCCS) ("Defendant"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that this action be *sua sponte* dismissed with prejudice based on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 6.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired.  (*See generally* Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-

Recommendation:[1]  Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

To those reasons, the Court would add only that, although on June 7 the Court failed to serve Magistrate Judge Stewart's Report-Recommendation on Plaintiff at his (then-current) address of record in New York State (*see* Dkt. Nos. 6, 7, 8, and 10), on June 12 the Court again mailed that Report-Recommendation to Plaintiff at his new (orally notified) address in Tennessee (*see* Text Notice dated June 12, 2024 [stating, in pertinent part, that "Copies of the 6 REPORT AND RECOMMENDATION . . . were mailed to plaintiff . . . on 6/12/2024 to address in Rockvale, TN"), and that mailing was not subsequently returned to the Court as undeliverable (*see generally* Docket Sheet).  As a result, the Court finds that Plaintiff was served with the Report-Recommendation and given an adequate time in which to object to it.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**.

Dated: August 8, 2024
       Syracuse, New York

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

_____
Glenn T. Suddaby
U.S. District Judge